Weight, J.,
delivered the opinion of the Court.
This was an action of debt in the Circuit Court of Davidson county, for goods, wares and merchandize, sold and delivered.
The record contains a declaration, which is in the usual form; and further shows, that the defendants were-duly summoned» to answer to the action. The writ and sheriff’s return are in the transcript. The declaration was filed at the May Term, 185T, and the record shows, that the cause was continued at the September and January Terms, thereafter.
At the May Term, 1858, the cause was tried by a jury, who, as the record shows, were sworn to try the *99 issue joined between the parties; and they find the same in favor of the plaintiff, and also find the debt due him to be $340.00, and assess his damages for the detention of the debt, to $71.40. Thereupon, the Circuit Court gave judgment upon the verdict against the defendants in favor of the plaintiff.
The record shows that, at the trial, the parties appeared by their attorneys.
No plea is found in the record, nor was there any motion for a new trial, or bill, of exceptions filed; nor was there any appeal. .Nothing appears to show that the defendants were, at the time of the judgment, at all dissatisfied with it.
They have since filed a transcript of the record in this Court, and obtained a writ of error; and now ask for a reversal of the judgment:
1st. For the rvant of a plea.
2d. Because the account upon which the recovery was had, was due to the firm' of Merritt & Co.; whereas, the suit is prosecuted, and recovery had, in the name of Joseph Merritt.
There is nothing in these objections.
As to the first: Since the. passage of the act of 1852, ch. 152, sections 4 and 5, the provisions of which are to be found in the Code of Tennessee, at sections 2865, 2866, 2872 and 2873, it must be regarded as a matter of form, for which we cannot reverse. We will, if need be, upon a record like this, presume that there was a proper plea and issue, and that its omission from the record is a mere clerical error, which does not touch the merits of the case. Unless a bill of exceptions be filed, how can we say that substantial errors exist ? It *100 is incumbent upon Mm who asks the reversal of a judgment to show that it is wrong. If this is not done, we must, in favor of the action of the Circuit Court, and in affirmance of the judgment, presume that all things were regular and proper.
In a case at Knoxville, at the last term, where there were no pleadings in the record, but only the writ, verdict and judgment, and no bill of exceptions; we refused to reverse upon the ground that we could see no errors.
It is useless to notice the action of the Circuit Court at the term subsequent to the judgment, in permitting a plea to be filed nunc pro tunc.
As to the second error assigned, the account is to be sure, copied into the record, but there is no bill of exceptions, and it is, therefore, no part of the record, and cannot be noticed; so that the fact upon which to raise this objection, does not exist. -
Judgment affirmed.